THE BOARD OF EDUCATION OF THE BOROUGH OF OGDENSBURG, RELATOR, v. RALPH DECKER, COUNTY SUPERINTENDENT OF SUSSEX COUNTY, DEFENDANT.

Argued February 16, 1915—Decided July 24, 1915.

1. *Mandamus* will not lie to compel a county superintendent to reapportion school moneys after the state board of education have sustained the original apportionment on an appeal to that body. The proper remedy is to test the legality of the judgment of the state board by a writ of *certiorari*.
2. Since the school law requires that certain reports, necessary to form the basis of the apportionment. shall be made to the county superintendent by the 15th of March, it necessarily excludes an apportionment in favor of a board of education which comes into existence after that date.

---

On rule to show cause for *mandamus*.

Before Justices SWAYZE, PARKER and KALISCH.

For the relator, *William A. Bolan.*

For the defendant, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

KALISCH, J.   The relator seeks by *mandamus* proceedings to question the sufficiency of an apportionment of the state school moneys, made by the county superintendent of the county of Sussex to it, for the year ending June 30th, 1914.

The borough of Ogdensburg, the relator, was formed March 31st, 1914. Prior to its incorporation the territory embraced within the limits of the borough was a portion of the township of Sparta.

It appears from an agreed state of facts that during the school year, beginning in September, 1913, and ending in June, 1914, school was maintained in the school house located within the boundaries of the territory of the relator; that four permanent teachers were employed in the grammar department of the school during the school year; that fifteen pupils attended high school in the village of Hamburg, during that time who resided within the territory now comprised within the limits of the relator; that the cost of transportation of those pupils was $675; that the county superintendent in apportioning the school moneys for the county of Sussex refused to allow the relator seventy-five per cent. of the cost of transportation of the fifteen pupils and also the sum of $25 for each of such pupils attending high school at Hamburg.

Upon an appeal taken by the relator to the commissioners of education the action of the county superintendent was confirmed; whereupon the relator appealed to the state board of education, which board, after hearing the parties, in turn, affirmed the decision of the commissioners of education.

The insistence of the relator is that the county superintendent should have included in the apportionment made to the relator seventy-five per cent. of the cost of transportation of the fifteen pupils, and also the sum of $25 for each pupil attending the high school at Hamburg, and with that end in view the relator attempts by *mandamus* to compel the county superintendent to make a new apportionment.

It is obvious from the conceded facts in the case that *mandamus* will not lie. The state board of education having

sustained the apportionment made by the county superintendent, its judgment is final, and the superintendent was bound to obey the mandate of the board, and having obeyed, this court cannot compel him to do anything different.

The relator after having unsuccessfully exhausted by appeals the series of special tribunals erected by the statute relating to the school law to hear controversies arising thereout, had still open to it a remedy, the writ of *certiorari,* by which to test the legality of the judgment of the state board. For it is only through that means that the relator could rid itself, if at all, of that judgment.

It has not been made plain to us how in the face of an unreversed judgment even of a statutory tribunal, created for the purpose of determining matters of this kind, this court can be properly applied to for a relief, which requires a retrial and rehearing of the facts adjudged by the special statutory tribunal, and which if given will render nugatory the judgment of this competent tribunal, without first having subjected the validity of such judgment to an attack in a direct proceeding. That such a course cannot be lawfully pursued is settled.

The cases in point are, *McFarland* v. *Board of Education,* 45 N. J. L. 100; *Buren* v. *Albertson,* 54 *Id.* 72; *Thompson* v. *Board of Education,* 57 *Id.* 628; *Jefferson* v. *Board of Education,* 64 *Id.* 59; *Draper* v. *Commissioners,* 66 *Id.* 54; *DuFour* v. *State Superintendent,* 72 *Id.* 371; *Montclair* v. *Baxter,* 76 *Id.* 68; *Taverna* v. *Churchill,* 77 *Id.* 430; *Riddle Co.* v. *Auditorium Pier Co.,* 78 *Id.* 520.

We have not permitted the method by which the relator attempts to test the validity of the judgment of the state board to prevent us from examining into the merits of the controversy, and with this result. Since the school law requires that certain reports, necessary to form the basis of the apportionment, shall be made to the county superintendent by the 15th of March. it necessarily excludes an apportionment in favor of a board of education which comes into existence after that date, as in the case of the relator, which was not *in esse* until the 31st day of March. That being

so, the township of Sparta, out of the body of which the relator was carved, was entitled to the whole apportionment which would have formed a part of the assets of such township in which the borough of Ogdensburg would have properly shared upon the severance of the municipalities.

For the reasons given the rule to show cause will be discharged.